IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD NOWAK and LUCINDA L. WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID M. BORTLE JR. and AUDREY ROSENBALM <br><br> Defendants. | : <br> : <br> :    C.A. No.: <br> : <br> : <br> :    **JURY DEMANDED** <br> : <br> : <br> : <br> : |

# COMPLAINT

## PARTIES

1.  The plaintiffs, Richard Nowak and Lucinda L. Williams are husband and wife who reside at 219 East 2nd Street, New Castle, Delaware, 19720.

2.  The defendant, David M. Bortle Jr is currently a resident of and incarcerated at Chester County Prison whose address is 501 S. Wawaset Road, West Chester, PA 19382.

3.  The defendant, Audrey Rosenbalm is an individual who resides at 116 Street Road, Cochranville, PA 19330.

## JURISDICTION

4.  Paragraphs 1 through 3 are incorporated herein by reference.

5.  Jurisdiction is conferred pursuant to 28 U.S.C. §1332(a)(1) and § 1332(c)(1) as the amount in controversy exceeds $75,000.00 and the action is between citizens of different states. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a), as this is the judicial district in which the plaintiffs reside and the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## FACTUAL ALLEGATIONS

6.  Paragraphs 1 through 5 are incorporated herein by reference.

Doroshow, Pasquale, Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

7. On May 28, 2007, at approximately 8:55 pm, the plaintiff, Richard Nowak, was operating his vehicle, southbound on Delaware Route 9, at the intersection of Delaware Route 9 and Riverview Drive in Wilmington, Delaware.

8. At the aforementioned time and place, the defendant, David M. Bortle, Jr., was operating a vehicle owned by the defendant, Audrey Rosenbalm, and was traveling southbound on Delaware Route 9, at the intersection of Delaware Route 9 and Riverview Drive in Wilmington, Delaware.

9. At the aforementioned time and place, the defendant, David M. Bortle, Jr., was driving under the influence of alcohol and collided with the rear of the vehicle the plaintiff was operating.

10. As a result of the aforesaid collision the plaintiff, Richard Nowak, suffered personal injuries.

11. The defendant, David M. Bortle, Jr., was issued citations for driving under the influence in violation of 21 Del. C. § 4177 and for careless and inattentive driving in violation of 21 Del. C. § 4176.

## COUNT I
## CLAIM AGAINST DAVID M. BORTLE JR

12. Paragraphs 1 through 11 are incorporated by reference.

13. The direct and proximate cause of the aforementioned collision was the negligence of the defendant, David M. Bortle Jr, as follows:

    (a) He operated a vehicle while under the influence of alcohol in violation of 21 Del. C. § 4177;

    (b) He operated a vehicle in a careless and imprudent manner, without due regard for the road, weather and traffic conditions then existing in violation of 21 Del. C. §4176(a);

    (c) He failed to give full time and attention to the operation of a vehicle in

violation of 21 Del. C. §4176(b);

    (d)    He failed to maintain a proper lookout while operating a vehicle in violation of 21 Del. C. §4176(b);

    (e)    He drove a vehicle in willful and/or wanton disregard for the safety of persons and property, in violation of 21 Del. C. §4175(a);

    (f)    He failed to maintain and keep a proper lookout for persons and other vehicles in the area, in violation of the common law duty of care he owed to others on the roadway including the plaintiff, Richard Nowak;

    (g)    He operated a vehicle at a speed that was greater than was reasonable and prudent under the conditions, without due regard for actual or potential hazards then existing, in violation of 21 Del. C. §4168(a);

    (h)    He operated a vehicle that was not equipped with brakes adequate to control the movement of and stop of such vehicle, in violation of 21 Del. C. §4303(a);

    (i)    He failed to have the vehicle under proper and adequate control at the time of the accident, in violation of the common law duty of care he had to others on the roadway, including the plaintiff, Richard Nowak;

    (j)    He failed to operate a vehicle as a reasonable and prudent person under the circumstances in doing the aforesaid acts set out in subparagraphs (a) through (i) above, in violation of the common law duty of care he owed to others on the roadway including the plaintiff, Richard Nowak;

    (h)    He was otherwise negligent.

## COUNT II
## CLAIM AGAINST AUDREY ROSENBALM

14. Paragraphs 1 though 13 are incorporated herein by reference.

15. The defendant, Audrey Rosenbalm, was the owner and insurer of the vehicle operated by the defendant, David M. Bortle Jr, at the time of the aforesaid accident.

16. Upon information and belief, at all times relevant to this litigation, the defendant, David M. Bortle Jr, was the agent, servant and/or employee of the defendant, Audrey Rosenbalm. [DENIAL OF THIS ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT, PURSUANT TO 10 DEL. C. §3916.]

17. The defendant, Audrey Rosenbalm, is vicariously liable for the acts of her agent, servant and/or employee.

18. A proximate cause of the aforesaid collision was the negligence of the defendant, Audrey Rosenbalm, by entrusting her vehicle to the defendant, David M. Bortle Jr, whom she knew or should have known would act in a manner likely to cause injury to third persons.

19. The defendant, Audrey Rosenbalm, by entrusting her vehicle to a person whom she knew or should have known would act in a manner likely to cause injuries to third parties, acted in a manner which constituted willful and wanton disregard for the safety of others, including the plaintiff, Richard Nowak.

20. The negligence of the defendant, David M. Bortle Jr, is imputed to the defendant, Audrey Rosenbalm, by reason of her ownership of the vehicle operated by the defendant, David M. Bortle Jr, and she is therefore jointly and severally liable for the injuries sustained by the plaintiff, pursuant to 21 Del. C. §6105(a);

21. She was otherwise negligent.

## COUNT III
## CLAIM FOR PUNITIVE DAMAGES AGAINST DAVID M. BORTLE JR AND AUDREY ROSENBAUM

22. Paragraphs 1 through 21 are incorporated herein by reference.

23. A proximate cause of the collision was defendant, Audrey Rosenbalm's negligent entrustment of her vehicle to defendant, David M. Bortle Jr.

24. A proximate cause of the collision was defendants' reckless indifference to the consequences and conscious disregard of the substantial risk of operating, or having knowledge

Doroshow, Pasquale,
Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

of the operation of, a motor vehicle for the while under the influence of alcohol, warranting punitive damages.

## COUNT IV
## CLAIM OF RICHARD NOWAK

25. Paragraphs 1 through 24 are incorporated herein by reference

26. As a direct and proximate result of the defendants' negligence, the plaintiff, Richard Nowak, suffered personal injuries, including but not limited to the following: diplopia (double vision), injuries to his left ankle and foot, injuries to his back, injuries to his neck, headaches, dizziness, disorientation, and stiffness.

27. As a consequence of his injuries, the plaintiff, Richard Nowak, has experienced, continues to experience and is likely to experience in the future, substantial physical pain, suffering and discomfort.

28. As a further consequence of his injuries, the plaintiff, Richard Nowak, has experienced, continues to experience and is likely to experience in the future, emotional pain, suffering, anxiety and nervousness.

29. As a further result of the defendants' negligence, the plaintiff, Richard Nowak, has incurred, and may in the future continue to incur, medical bills for the treatment of the injuries sustained in the accident.

30. As a consequence of his injuries, the plaintiff, Richard Nowak, has been required to undergo prolonged medical treatment.

31. As a result of the defendants' negligence, the plaintiff, Richard Nowak, has suffered and may in the future suffer an impairment of earning capacity.

## COUNT V
## CLAIM OF LUCINDA L. WILLIAMS

32. Paragraphs 1 through 31 are incorporated by reference.

33. As a direct and proximate cause of the defendants' negligence, and the resulting injuries sustained by the plaintiff, Richard Nowak, the plaintiff, Lucinda L. Williams, has in the

past been and will be in the future be deprived of earnings, comfort, society, companionship, services and consortium of her husband, Richard Nowak.

WHEREFORE, the plaintiffs, Richard Nowak and Lucinda L. Williams, pray that this Court enter judgment against the defendants, David M. Bortle Jr and Audrey Rosenbalm jointly and severally, for all compensatory, special and punitive damages and for the cost of this action, along with any other relief that this Court may deem proper.

DOROSHOW, PASQUALE
KRAWITZ & BHAYA

By: _____
ARTHUR M. KRAWITZ (2440)
CYNTHIA H. PRUITT (4365)
1202 Kirkwood Highway
Wilmington, DE 19805
Ph: (302) 998-0100
Fax: (302) 998-9883
Attorneys for Plaintiff
ArthurKrawitz@dplaw.com
CynthiaPruitt@dplaw.com

DATED: 6/19/08

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Richard Nowak and Lucinda L. Williams

## DEFENDANTS
David M. Bortle, Jr. and Audrey Rosenbalm

(b) County of Residence of First Listed Plaintiff  **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Chester**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
See Attachment

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1352
Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE  6/19/08
SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____

# ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

### NOTICE OF AVAILABILITY OF A
### UNITED STATES MAGISTRATE JUDGE
### TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

__6/24/08__  
(Date forms issued)

X Anthony Camponella  
(Signature of Party or their Representative)

X Anthony Camponella (Parcels)  
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action